## MORRIS & CO. *v.* LEVERING & CO.

1. The action being against a partnership for the price of goods alleged to have been sold to it, and the issue being whether the goods were in fact sold to this partnership or to another, declarations of a member of a brokerage company representing the plaintiffs, to an employee of that company, not made in the presence of the defendants nor with their knowledge, to the effect that a contemplated sale of the goods in question had

better be made to the defendants and not to the other partnership, were, as to the defendants, mere hearsay, and not admissible to show liability on their part.

2. Assignments of error alleged to have been committed in admitting in evidence a letter of a given date, and in admitting a certain book "showing the charge of the goods sued for," without disclosing the contents of the letter, or against whom the charge was made in the book complained of, are not sufficiently definite to require consideration and determination by this court. December 2, 1895.

Complaint on account. Before Judge Van Epps. City court of Atlanta. March term, 1895.

Levering & Co. sued E. S. Morris & Co., a partnership composed of E. S. Morris and N. W. Murphey, upon an account dated May 22, 1893, for ten bags of coffee, $222.35. Morris, for himself and E. S. Morris & Co., pleaded: Not indebted. Further, that the firm sued did not buy the goods sued for, nor did it receive the goods nor any value thereof. Said goods were purchased and used for the Atlanta Provision & Commission Co., and this fact was known to plaintiffs. The firm of E. S. Morris & Co. ceased to do business when said provision company began, and N. W. Murphey had no right nor license to use the firm credit in purchasing the goods for said company. Defendant did not in any way buy said goods, did not authorize nor ratify said purchase, and if made in name of E. S. Morris & Co., it was without his knowledge or consent. All power N. W. Murphey had to use the name and credit of E. S. Morris & Co. ceased when said company was organized, as E. S. Morris & Co. stopped business, and this contract, if made by N. W. Murphey thereafter in the name of said firm, was illegal and fraudulent.

There was a verdict for plaintiffs for the amount sued for. Defendants' motion for a new trial was overruled, and they excepted. The motion alleged, among other grounds, that the court erred in admitting the testimony of witness Pritchett as to a conversation he had with Mr. John Mur-

phey, in which Murphey told witness that if they made further sales they had better sell to Morris & Co.; and the testimony of Murphey, that he had notified Pritchett not to sell to the Atlanta Provision Co. This was objected to as irrelevant, defendants not being present nor any proof shown that they knew thereof. It appears from the evidence that, at the time of the sale in question, Pritchett was connected with T. B. Paine & Co., merchandise brokers and commission merchants of Atlanta, Ga., who represented plaintiffs. The sale was made by Pritchett. John Murphey was a member of the firm of Paine & Company. Before this sale Paine & Co. had made sales both to the Atlanta Provision & Commission Company and to E. S. Morris & Co., dealing with N. W. Murphey for both companies. Pritchett testified that shortly before he made the sale and when he was negotiating with N. W. Murphey about selling him coffee, the conversation occurred with John Murphey in regard to selling the Atlanta Provision Company the bill, and John Murphey told Pritchett he (Murphey) did not think it was safe to sell the Atlanta Provision Company, and if "we" made further sales there we had better sell to Morris & Co.

Other grounds of the motion alleged, error in admitting the letter dated May 22d, addressed to plaintiffs and signed by Paine & Co., as proving the intention of plaintiffs' agent when making sale of the goods sued for; and the book of Paine & Co., showing the charge of the goods sued for. Each was objected to as irrelevant. These grounds do not show the contents of the letter or the book referred to, though they appear in the brief of evidence.

*Mayson & Hill*, for plaintiffs in error.
*C. D. Maddox* and *Glenn & Rountree*, contra.

ATKINSON, Justice.

The official report states the facts.

1. The person whose declarations were admitted against

the defendant partnership was neither a member of that partnership, nor authorized as its agent to speak for it. He was a broker engaged in an independent business, and the sayings admitted in evidence were addressed to his own, and not to a servant of the defendant, nor were such declarations made in the presence of or acquiesced in by the defendant partnership. The question being as to the liability of the defendant to the plaintiff, and as to whether the credit extended was to the defendant or another, it was altogether incompetent, as negativing the inferences deducible from the defendant's theory and evidence that the credit, if extended at all, was to another and not to itself, to prove that a broker representing the plaintiff had said to his own servant that he should sell to the defendant rather than to the other person to whom the defendant insisted the credit was extended. Such instructions, the defendant neither knowing of nor acquiescing in, were as to it hearsay merely and not admissible.

2. No discussion of the proposition stated in the second head-note is necessary; the insufficiency of the assignment of error is apparent.          *Judgment reversed.*